IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00065-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| EZEKIEL DONJA GARDNER, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for New Trial [DE-63]. The Government has filed an Opposition [DE-65]. For the reasons that follow, Defendant's Motion for New Trial [DE-63] is DENIED.

**Background**

On June 15, 2011, the grand jury returned a one-count indictment. *See* Indictment [DE-1.] Defendant was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. *Id.*

Defendant filed a Motion to Suppress Search of Vehicle and Purported Statements on June 28, 2013. [DE-29.] The Government filed a Response in Opposition. [DE-31.] On August 1, 2013, the court held a hearing on the motion to suppress. [DE-35.] The court issued an order denying the motion to suppress on August 6, 2013. [DE-36.]

Defendant's arraignment was held on October 1, 2013. [DE-53.] Defendant entered a plea of not guilty and proceeded to trial. The court conducted a jury trial, which concluded with a guilty verdict on October 16, 2013. [DE-62.] Defendant's counsel made oral motions for acquittal at the conclusion of the Government's case and at the conclusion of all the evidence. These two motions and the motion to suppress were based upon the same arguments Defendant now raises in his

Motion for New Trial.

## Standard of Review

Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). Rule 33 motions may be based on either (1) newly discovered evidence or (2) "other grounds." Fed.R.Crim.P. 33(b). It rests within the broad discretion of the district court whether to grant or deny a motion for a new trial. *United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006). The Fourth Circuit has cautioned that a district court should exercise its discretion "sparingly" and that it should grant a new trial "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997)).

## Discussion

In this case, Defendant seeks a new trial under "other grounds." Defendant argues that he is entitled to a new trial because evidence from the January 13, 2011 search of his vehicle and the purported statements he made at the rear of the vehicle were allowed into evidence at his trial in violation of his rights. [DE-63 at p. 1.] Specifically, Defendant contends that the January 13, 2011 search of his vehicle was both illegal and unconstitutional. *Id.* In addition, Defendant argues that the purported statements he made at the rear of the vehicle were illegal and unconstitutional in that they were not knowing or voluntary because he was not advised of his *Miranda* rights. *Id.* Finally, Defendant contends that his post arrest statements should have been suppressed on the basis that they were obtained as a result of the illegal search. *Id.* at pp. 1-2.

Defendant argues that his admissions that he had a gun in the vehicle under the driver's side of the front seat and that he was a convicted felon "several times" violated his constitutional rights

2

because he did not receive *Miranda* warnings. Assuming, *arguendo*, that Defendant was in custody at the time he made these statements, Defendant's admissions fall within the public safety exception to *Miranda*. The public safety exception to the *Miranda* requirement allows pre-*Miranda* questioning at the scene regarding matters relevant to the safety of the police or members of the public, even when a defendant is in custody for purposes of *Miranda*. *New York v. Quarles*, 467 U.S. 649, 655-56 (1984).

In this case, the court finds that the officers were justified in being concerned for their safety, based on the confidential informant's ("CI") tip that Defendant was a convicted felon in possession of a firearm. Initially, the CI had a history with Detective Adams which had established that the CI was reliable. Detective Adams testified that he had a working relationship with the CI and believed the CI to be a reliable source of information at the time he received the tip regarding Defendant. Detective Adams further testified that at the time the CI provided the information, the CI had made at least five controlled purchases which had led to federal indictments. Also, Detective Adams testified that he had never known the CI to provide false information. The court also notes that the CI's statements to Detective Adams were corroborated. Specifically, the CI reported that Defendant was driving a white Lincoln Town Car that could be located at a residence on Thorne Street in Farmville, North Carolina. When Detective Adams, Chief Donnie Greene, and Lieutenant Paul McLawhorn went to Thorne Street in Farmville, North Carolina, they saw a white Lincoln Town Car with plates on the vehicle that came back as registered to Defendant.

The officers were further justified in being concerned for their safety when Detective Adams saw Defendant dip down in the vehicle, such that his right shoulder disappeared in a manner which suggested to Detective Adams that Defendant was reaching for something or putting something

under his seat. In short, the court finds that the CI's tip that Defendant was a convicted felon in possession of a firearm came from a reliable source and was corroborated, and because Defendant was seen acting in a manner which suggested he was reaching for something or putting something under his seat, there was an objectively reasonable concern about immediate danger to the officers regarding the presence of weapons.

As noted in the court's August 6, 2013 Order, there was probable cause to believe that Defendant's vehicle contained contraband when Defendant admitted that he was a convicted felon "several times" and had a firearm under the driver's side of the front seat of the vehicle. Defendant's statements, in addition to the CI's tip, provided the requisite probable cause to search the vehicle for the firearm. Because the search of the vehicle was legal, Defendant's argument that his post-arrest statements should be suppressed on the basis that the search was illegal lacks merit.

Defendant's arguments that he is entitled to a new trial on the basis that his admissions, the search of his car, and his post-arrest statements were not lawful are unavailing. Therefore, the court finds that the interests of justice do not require a new trial in this case.

## Conclusion

In summary, and for the foregoing reasons, Defendant's Motion for New Trial [DE-63] is DENIED.

SO ORDERED.

This, the 30th day of December, 2013.

_/s/ James C. Fox_
JAMES C. FOX
Senior United States District Judge