UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-65-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EZEKIEL DONJA GARDNER, | ) | |
| Defendant. | ) | |

This matter is before the court on Gardner's pro se letter motion [DE-86], which the court construes as motion to strike the revised presentence report [DE-75]. Gardner objects to his classification as an armed career criminal, 18 U.S.C. § 924(e), and alleges various violations of Federal Rule of Criminal Procedure 32 related to preparation of his revised presentence report. For the reasons that follow, the motion is DENIED. However, Gardner's counsel may file additional memoranda with the court challenging Gardner's armed career criminal designation.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

After a jury trial, Gardner was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g). The initial draft of the presentence report found that Gardner qualified as an armed career criminal under § 924(e). Section 924(e), part of the Armed Career Criminal Act of 1984, provides that a Defendant convicted of being a felon in possession of a firearm and who has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be . . . imprisoned not less than 15 years." *Id.* The armed career criminal designation substantially increases Gardner's potential

punishment for the firearm conviction. Gardner vigorously objects to the armed career criminal designation.

In accordance with Rule 32 of the Federal Rules of Criminal Procedure, the probation officer disclosed the initial draft of the presentence report to the parties and provided fourteen days within which to submit objections. Fed. R. Crim. P. 32(f). Gardner submitted numerous objections (both pro se and through counsel), mostly challenging his designation as an armed career criminal. After receiving the objections, probation drafted written responses to the objections in accordance with Rule 32(g) and distributed the initial final presentence report[1] to the court and the parties. In response to the armed career criminal objection, probation initially responded that Gardner met the § 924(e) criteria based on the following predicate convictions: (1) two counts of breaking and entering on May 26, 1998 (paragraph 12 of the presentence report); (2) common law robbery and assault with a deadly weapon inflicting serious injury on May 30, 1998 (paragraphs 13 and 16 of the presentence report); (3) common law robbery on June 1, 1998 (paragraph 14 of the presentence report); and (4) breaking and entering on May 12, 1998 (paragraph 15 of the presentence report). Initial Presentence Report [DE-68] at 16.

Gardner's sentencing was set for February 20, 2014. At the sentencing hearing, the Assistant United States Attorney requested a continuance because he discovered that the breaking and entering convictions may not qualify as violent felonies under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The AUSA requested additional time to investigate Gardner's objections to his armed career criminal enhancement. The court's recollection is that Gardner

---

[1] As discussed below, this copy of the presentence report was subsequently revised. The court refers to the these two versions of the presentence report as "initial" and "revised" where appropriate.

objected to the continuance, preferring instead that the court sustain his objection and sentence him without the armed career criminal designation. The court allowed the Government's motion to continue and set the new sentencing hearing for March 10, 2014.

Subsequent to the February 20, 2014 hearing and in light of *Simmons*, the presentence report was revised. The only difference between the revised and initial versions was probation's response to Gardner's armed career criminal objection. In the new response, probation deleted the breaking and entering predicates but noted that Gardner still qualified as an armed career criminal. To support this finding, probation identified a "new" predicate conviction. The revised report identified the following predicate convictions: (1) common law robbery on November 27, 1996 (the "new" conviction used to designate Gardner an armed career criminal, found in paragraph 10 of the presentence report); (2) common law robbery and assault with a deadly weapon inflicting serious injury on May 30, 1998 (paragraphs 13 and 16 of the presentence report); (3) common law robbery on June 1, 1998 (paragraph 14 of the presentence report). *See* Revised Presentence Report [DE-75] at 16. Significantly, the criminal history section of Gardner's initial presentence report was left unchanged in the revised report. Thus, the "new" common law robbery conviction used to designate Gardner an armed career criminal has always been a part of Gardner's presentence report, both the initial and revised versions. *See* Initial Presentence Report [DE-68] at 4.

## ANALYSIS

Gardner launches a number of challenges to the process by which the revised report was issued. Gardner's essential argument is that the Government should not have been granted a continuance and given "another bite at the apple" to find convictions supporting the armed career

3

criminal designation once Gardner demonstrated that the breaking and entering convictions did not qualify as predicate felonies. Gardner attempts to find support for this argument in Federal Rule of Criminal Procedure 32(f), which covers objections to the presentence report:

> **Objecting to the Report.**
>
> **(1) Time to Object.** Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.
>
> **(2) Serving Objections.** An objecting party must provide a copy of its objections to the opposing party and to the probation officer.
>
> **(3) Action on Objections.** After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.

Fed. R. Crim. P. 32(f).

This is precisely what occurred in Gardner's case. Probation submitted the draft presentence report to Gardner and the Government on December 31, 2013. Both parties had fourteen days to submit objections. Gardner submitted numerous objections (as discussed above) and the Government chose not to file objections. Then, in accordance with Rule 32(g), the probation officer submitted the final report prior to sentencing with responses to Gardner's unresolved objections.

As Gardner stresses, at his scheduled sentencing on February 20, 2014, the Assistant United States Attorney acknowledged that the breaking and entering convictions did not qualify as violent felonies. However, the Government requested a continuance to consider whether Gardner qualified as an armed career criminal without the breaking and entering convictions. Gardner suggests that the Government is not allowed to ask for a continuance to research his

4

armed career criminal enhancement in these circumstances under Rule 32. Although it is somewhat difficult to follow, it appears Gardner argues that because objections to the presentence report must be submitted in writing to probation and to the opposing party prior to the sentencing date, *see* Fed. R. Crim. P. 32(f), the Government may not request a continuance to investigate whether Gardner qualifies as an armed career criminal on the day of sentencing. Gardner also argues at length that probation cannot submit a revised presentence report after submitting the report to the court unless either Gardner or the Government submit new objections in writing under Rule 32(f)(1). Conveniently for Gardner, his interpretation of Rule 32 has the effect of forcing the court to sustain his objection to the armed career criminal designation. Under Gardner's theory, because his initial presentence report identified erroneous predicate convictions and the Government failed to request changes to the report prior to sentencing, his objection must be sustained and he cannot be sentenced as an armed career criminal.[2]

Rule 32 does not prevent the Government from requesting a continuance or probation from issuing a revised presentence report in these circumstances. Rule 32 expressly allows probation to "investigate further and revise the presentence report as appropriate" in response to objections. Fed. R. Crim. P. 32(f)(3). Because Gardner initially objected to the armed career criminal enhancement and the sentencing was continued, probation was free to further investigate

---

[2] The court notes that the initial draft of the presentence report submitted to the parties noted that Gardner was an armed career criminal but it did not identify the precise convictions from his criminal history used to make that determination. While preparing his objections, Gardner's former attorney requested that probation provide all of the convictions used to designate Gardner an armed career criminal. Probation did so, but apparently did not include the 1996 common law robbery conviction in her response to counsel, relying instead on the breaking and entering convictions discussed above. Therefore, in preparing his objections, Gardner did not address the 1996 common law robbery conviction, assuming that it was not relevant for purposes of the armed career criminal designation. The court addresses this notice issue below.

5

the objection and issue a revised report under Rule 32(f)(3). Gardner's rigid interpretation of Rule 32—which appears to be that probation can only issue a revised report if it receives new objections to the report—finds no support in the language of Rule 32 or the practical realities of sentencing offenders. *See id.* (explaining probation may submit a revised report "after receiving objections" not "only in the event the parties submit additional objections"); Fed. R. Crim. P. 32(b) ("The court may, for good cause, change any time limits prescribed in this rule."). Because Gardner's sentencing has now been continued until June 30, 2014 and probation distributed the revised presentence report on March 3, 2014, probation amply complied with Rule 32(g), which states that probation must submit the report at least seven days before sentencing. Fed. R. Crim. P. 32(g).

Gardner also suggests that the Government cannot request a continuance to reevaluate his armed career criminal status in these circumstances. While it is true that the continuance provided time for probation to revise the report and add a different predicate conviction, nothing in the Federal Rules or the due process clause prohibits the court from granting a continuance in these circumstances. So long as the Government demonstrates good cause for the continuance and the delay does not significantly prejudice Gardner, the Government is entitled to request additional time to prepare for sentencing. *See* Fed. R. Crim. P. 32(a) ("The court must impose the sentence without *unnecessary* delay (emphasis added)); *United States v. Speed*, 53 F.3d 643, 645 (4th Cir. 1995) ("[A] district court has broad discretion in scheduling a sentencing proceeding."). Here, the Government's request to research a complicated sentencing issue

constitutes good cause to allow the continuance and the Government's requested delay of less than three weeks is hardly prejudicial to Gardner under the circumstances.[3]

Furthermore, producing an accurate presentence report is an iterative process, involving feedback and comments from probation, defense counsel, the Government and the court. Multiple versions of reports are often needed when the parties or the court identify errors in the report. Many times, these corrections benefit defendants. But even when a particular correction exposes a Defendant to a lengthy sentence, the process ensures that both the Government and the defendant are treated fairly under applicable law. Gardner is entitled to a fair sentence that complies with applicable law, fair notice of the convictions the Government plans to use for purposes of the armed career criminal designation, and an opportunity to contest his potential status as an armed career criminal. He is not entitled to read Rule 32 so technically that it eviscerates probation's ability to correct errors in the report.

The court agrees with Gardner that the Government must provide notice of each conviction used to designate him an armed career criminal prior to sentencing. But that is precisely what he received in this case. Probation's revised report provides notice of the three convictions that the Government intends to rely on for purposes of the armed career criminal enhancement. Significantly, Gardner's sentencing has now been continued to June 30, 2014 at Gardner's own request, providing ample time for Gardner and his new counsel to prepare

---

[3] Gardner's sentencing hearing has been continued to June 30, 2014 at his own request. The court also notes that "prejudice" in this context refers to the effect of the delay itself on Gardner's ability to receive a fair sentencing proceeding, not the fact that the delay allowed time for the Government to identify a "new" predicate conviction. The delay in this case does not affect the fairness of the sentencing proceeding because the 1996 common law robbery conviction has always been a part of the presentence report and Gardner will have ample opportunity to contest his status as an armed career criminal prior to sentencing.

objections to his armed career criminal designation. Gardner, through counsel, is free to challenge any of the identified convictions as proper predicate convictions for the enhancement at either his sentencing hearing or in sentencing memoranda filed by counsel prior to the June 30, 2014 sentencing. In an effort to provide clarity on this issue, the court hereby ORDERS that the time period for filing objections to the revised presentence report is extended to June 23, 2014. *See* Fed. R. Crim. P. 32(b) (providing that the court may extend the time period for filing objections to the presentence report). Also in an effort to be fair to Gardner and in consideration of the fact that the court recently appointed new counsel, the court is open to continuing the sentencing hearing to a later term of court and further extending the deadline for filing objections. However, as discussed below, Gardner's objections should be submitted though counsel, not pro se.

      Gardner also argues at length that it was improper for probation to issue a revised report after the February 20, 2014 hearing. Probation submitted a memorandum accompanying the revised presentence report that indicates the report was revised because "defense counsel submitted clarified objections." [DE-75-1]. Gardner argues that he never authorized his attorney to submit "clarified objections" to the presentence report and therefore probation did not have authority to revise the report. Gardner also suggests that probation "perpetrated a fraud" on the court by submitting a false reason for revising the report. Gardner's argument is without merit. Probation was entirely within its rights to issue a revised report once the sentencing was continued on February 20, 2014. *See* Fed. R. Crim. P. 32(f)(3) ("After receiving objections, the probation officer may . . . revise the presentence report"). Because Gardner initially objected to the armed career criminal enhancement and the sentencing was continued, probation was free to

8

further investigate the objection and issue a revised report under Rule 32(f)(3). *See id.* It is simply immaterial whether defense counsel submitted "clarified objections" because probation can issue a revised report under these circumstances regardless of whether new objections are filed.

Gardner also complains that the Assistant United States Attorney improperly communicated with the probation officer after the February 20, 2014 hearing. The probation officer that authored the presentence report and subsequently submitted the revised report ("the presentence report officer") was not present at the February 20, 2014 hearing, though another probation officer provided coverage. Gardner maintains that the presentence report officer could not possibly have known to submit a revised report responding to the Government's concerns about the breaking and entering convictions unless the Government improperly communicated with probation after the February 20, 2014 hearing.

Gardner's theory mischaracterizes the facts. The presentence report officer was not available for the February 20, 2014 hearing and therefore another officer provided coverage. Probation submitted the revised report because the probation officer providing coverage (not the Assistant United States Attorney) notified the presentence report officer that the Government had concerns that the breaking and entering convictions could not be used as predicate convictions for the armed career criminal designation. Then, in accordance with Rule 32(f)(3), probation submitted a revised report responding to these concerns. And even if the court assumes that the Government communicated with the presentence report officer after the February 20, 2014 hearing, such communication is routine in preparation of presentence reports and it is simply not improper. *See United States v. Nelson-Rodriguez*, 319 F.3d 12, 62 (1st Cir. 2003) (noting "[i]t is

9

Case 4:11-cr-00065-F   Document 87   Filed 06/02/14   Page 9 of 11

common for one side to speak with the probation officer, either before or after the report is released" and "Rule 32[f] is literally read as permitting ex parte communications initiated by either party both *before* and *after* this fourteen-day period [provided for in Rule 32(f)]").[4]

To summarize, the revised report finds that Gardner is an armed career criminal using different predicate convictions. But these "new" predicate convictions have always been a part of Gardner's presentence report, both the initial and the revised versions. That probation's initial response to the objection listed convictions that turned out not to be violent felonies or serious drug offenses does not mean Gardner does not otherwise qualify for the enhancement. Nothing in Rule 32 or the due process clause (another of Gardner's many arguments) prevents probation from submitting a revised report in these circumstances. Of course, Gardner is free to pursue any arguments that these different convictions cannot be used for purposes of the armed career criminal designation.[5]

## CONCLUSION

Gardner's letter motion, which the court construes as a motion to strike the revised presentence report [DE-86], is DENIED. However, the court hereby ORDERS that the time

---

[4] The court's research did not uncover any Fourth Circuit cases directly addressing this issue. But even assuming communication between the Government and the probation officer was improper in these circumstances, Gardner has failed to show that he suffered any harm as a result. *See Nelson-Rodriguez*, 319 F.3d at 62-63. As explained above, the convictions the Government now relies on for purposes of the armed career criminal designation have always been part of Gardner's presentence report. As long as the Government provides notice of the convictions the Government intends to rely on for purposes of the armed career criminal designation prior to the new sentencing date (which it has done) and Gardner has time to object to the use of those convictions, he has suffered no prejudice from any allegedly improper communications between the Government and probation in these circumstances.

[5] Nothing in this order should be construed as representing the court's position on Gardner's status as an armed career criminal. Gardner has timely objected to that status and the court will await argument on that issue at the new sentencing hearing before making a determination.

10

period for filing objections to the revised presentence report is extended to June 23, 2014. Gardner, through counsel, may submit additional memoranda to the court in advance of sentencing regarding the armed career criminal enhancement or any other issue relevant to his sentencing. The court has docketed and will consider Gardner's prior pro se objections to the presentence report and his pro se sentencing memorandum. However, because Gardner is represented by counsel, further communication with the court should generally be limited to motions or other materials submitted by his counsel. The Clerk of Court is DIRECTED to mail a copy of this order to Gardner.

SO ORDERED.

This the 2nd day of June, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge