UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-65-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EZEKIEL DONJA GARDNER, | ) | |
| Defendant. | ) | |

This matter is before the court on the Gardner's objection to his armed career criminal enhancement [DE-90] ¶ 11. Gardner's objection is overruled. As promised at Gardner's sentencing, the court provides the following written explanation of its reasoning for overruling the objection. The below language was read approximately verbatim at the sentencing hearing:

## I. NORTH CAROLINA COMMON LAW ROBBERY IS A CRIME OF VIOLENCE UNDER THE ACCA

The issue presented by Gardner's objection is whether North Carolina common law robbery qualifies as a violent felony under the "residual" clause of the Armed Career Criminal Act. That is, whether North Carolina common law robbery is an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e).

The court finds that the categorical approach is the proper framework for addressing this issue. In *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court permitted sentencing courts to use a modified categorical approach in limited circumstances. The modified categorical approach permits sentencing courts to look beyond the particular elements of the offense itself to the facts charged in the charging instrument or admitted as part of a plea

agreement to determine if the prior felony constitutes an ACCA predicate. However, the modified categorical approach is only permissible if the offense is "divisible": that is, the statute or common law definition of the crime sets out one or more of the elements of the offense in the alternative. A statute that "sets out one or more of the elements of the offense in the alternative" typically identifies separate and distinct crimes in the same statute. By contrast, the Fourth Circuit has held that when the offense definition merely identifies multiple means of committing the same offense, the offense definition is not divisible and the court may not use the modified categorical approach. *United States v. Hemingway*, 734 F.3d 323, 334 (4th Cir. 2013); *United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013).

In this case, North Carolina common law robbery is defined as "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Herring*, 322 N.C. 733, 739, 370 S.E.2d 363, 368 (1988). The court finds that this definition is not divisible. Although some of the language in the definition is set out in the alternative, it does not create separate and distinct offenses. Instead, the alternative language merely sets forth different means of committing the same offense. Thus, the categorical approach applies to Gardner's objection. The categorical approach requires examination of whether the elements of the offense, as defined in North Carolina case law, involves conduct that presents a serious potential risk of physical injury to another.

The court notes that the Fourth Circuit has already ruled that North Carolina common law robbery qualifies as a violent felony for purposes of the ACCA. In *United States v. Carmichael*, 408 F. App'x 769 (4th Cir. 2011), the court noted that larceny from the person had previously been identified as a violent felony under the ACCA. The Fourth Circuit therefore held that

2

"because larceny from the person entails less violence than robbery" common law robbery necessarily also qualifies as a violent felony under the ACCA. *Id.* at 771. Although *Carmichael* is unpublished and therefore not binding precedent, the case holding that larceny from the person is a violent felony, *United States v. Jarmon*, 596 F.3d 228 (4th Cir. 2010) is published, and it has not been overruled.

In terms of post-*Descamps* cases, the Fourth Circuit has not had occasion to address this issue. However, in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), the Fourth Circuit outlined the appropriate framework for analyzing contested ACCA predicate offenses using the categorical approach. Therein, the court explained that only crimes that are similar to the enumerated offenses of burglary, arson, or extortion, [or offenses that] involve use of explosives qualify as predicates under the residual clause. *Id.* at 336-37. The question is whether the offense in question presents "the same serious potential risk of physical injury" as the enumerated offenses. *Id.*

As noted above, the elements of common law robbery in North Carolina are "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Herring*, 322 N.C. 733, 739, 370 S.E.2d 363, 368 (1988). Burglary, by way of comparison, involves an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 598 (1990).

Because the generic definition of burglary allows for conviction even in the event the home is unoccupied at the time of the offense, the court easily concludes that common law robbery, which requires taking money or property directly from a victim, presents the "same

3

serious potential risk of physical injury" as burglary. Moreover, Gardner has not identified any North Carolina case law interpreting common law robbery in a way that does not present at least the same risk of physical injury as burglary. Therefore, common law robbery is a violent felony under the residual clause of the Armed Career Criminal Act.

The court acknowledges counsel's argument that under the English common law and the common law of other states, a robbery can be committed without serious risk of physical injury in certain limited circumstances. Counsel notes that in some English Common law cases, the phrase "by means of violence or fear" covers certain nonviolent conduct such as threatening prosecution for certain crimes. However, because the North Carolina courts have never explicitly defined robbery in such a fashion, the court cannot find that North Carolina common law robbery includes this conduct. In addition, under *Taylor v. United States*, 495 U.S. 575, 593-94 (1990) the categorical approach contemplates comparison of the contemporary elements of the crime with the contemporary generic elements of the enumerated offenses. The fact that the English courts and some American courts defined robbery more broadly a century ago does not mean those definitions are relevant for purposes of deciding whether the common law crime qualifies today as a violent predicate felony under the ACCA.

## II. CONCLUSION

For the foregoing reasons, Gardner's objection to his armed career criminal designation is overruled.

4

SO ORDERED.

This the 1st day of July, 2014.

                                                   *James C. Fox*
                                                JAMES C. FOX
                                                Senior United States District Judge

5

Case 4:11-cr-00065-F  Document 95  Filed 07/01/14  Page 5 of 5